UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIA ABDALLAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2880 |
| | § | |
| UNITED STATES ASSOCIATION OF TAEKWONDO, INC., *et al.*, | § § | |
| | § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant's United States Olympic Committee's ("USOC") emergency motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1). (Dkt. 6)  After carefully considering the parties' pleadings and the applicable law, the motion to dismiss is GRANTED.

**BACKGROUND**

On August 24th, 2007, plaintiff Nia Abdallah, a 2004 Olympic silver medalist, competed in the 2008 U.S. Olympic Team Trials for Taekwondo. Abdallah competed against Diana Lopez and lost.  Shortly thereafter, Abdallah filed this action.  Abdallah alleged that her loss was the result of bias and unfair judging.  Abdallah petitioned this court, therefore, to remedy the denail of a fair chance at competing in the 2008 Olympics by either declaring her the winner of the August 24th competition or scheduling one or two subsequent bouts to determine the correct winner.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins.*

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  When a motion to dismiss is based on subject-matter jurisdiction, the court may weigh the evidence and resolve factual disputes. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004).  In considering the facts, the "court may base its disposition . . . on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  However, conclusory statements in a complaint do not establish jurisdiction. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).

## APPLICABLE LAW AND FINDINGS

Congress passed the Ted Stevens Olympic and Amateur Sports Act ("ASA"), 36 U.S.C. § 220501 *et seq.* (2000), in 1978, creating a vertical structure for the management of certain amateur sports in the United States.  *See* 36 U.S.C. § 220503.  At the head of this vertical structure is the USOC, designated by Congress as the coordinating body for amateur sports that Americans compete in internationally.[1]  At the next level are National Governing Bodies ("NGBs") for each sport included in the Olympic Games. *See* 36 U.S.C. § 220521.  United States Association of Taekwondo, Inc., ("USAT") and other NGBs are crucial to carrying out the ASA's purpose.  Once established, a NGB has broad authority. In addition to other powers, it may establish national goals for the sport, act as the coordinating body for amateur athletic activity in the United States, conduct amateur athletic competition, and establish procedures for determining eligibility standards. *See* 36 U.S.C. § 220523.

Congress vested the USOC with the power "to exercise exclusive jurisdiction, directly or through constituent members or committees,  over all matters pertaining to the United States

---

[1] The USOC was chartered by Congress in 1950. The ASA of 1978 revised that charter.

2

participation in the Olympic Games." Amateur Sports Act, 36 U.S.C. § 220503(3)(A). Under the ASA, Congress did not expressly provide for a private cause of action. *Michels v. U.S. Olympic Comm.*, 741 F.2d 155, 157 (7th Cir. 1984); *see also Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 594-96 (7th Cir. 2001). A number of courts, however, recognize carve-outs to ASA's exclusive jurisdiction. *See, e.g.*, *Slaney*, 244 F.3d 580 (finding RICO and conspiracy allegations not preempted); *Akiyama v. US Judo Inc.*, 181 F. Supp. 2d 1179 (holding Title II of Civil Rights Act of 1964 applied to prevent discrimination on basis of religion at judo competition); *Sternberg v. USA Nat'l Karate-Do Fed'n, Inc.*, 123 F. Supp. 2d 659 (E.D.N.Y. 2000) (proceeding on a Title IX claim against karate national governing body based on organization's decision to withdraw women's karate team from international competition); *Lee v. US Taekwondo Union*, 331 F. Supp. 2d 1252 (D. Haw. 2004) (rejecting ASA's preemption of federal civil rights laws, specifically race discrimination in violation of § 1981).

To date, no federal court has reviewed the specifics of an Olympic sports match. Certainly, "there can be few less suitable bodies than the federal courts for determining the eligibility, or the procedures for determining the eligibility, of athletes to participate in the Olympic Games." *Michels*, 741 F.2d at 159 (7th Cir. 1984) (Posner, J., concurring). Abdallah argues that this court has jurisdiction to review USAT's and USOC's breach of its own rules. She bases her assertion on *Slaney v. International Amateur Athletic Federation*, which recognized that "courts can still play a role in ensuring that the [USOC] follows its rules for determining eligibility." *Slaney*, 244 F.3d at 595. This language, however, is preceded by the court's opinion that "there is no dispute that the USOC has exclusive jurisdiction when it comes to eligibility determinations." *Id.* In making the former observation, the *Slaney* court relies on *Harding v. US Figure Skating Association*. The

3

*Harding* court explained that "[i]ntervention is appropriate only in the most extraordinary circumstances, where the association has clearly breached its own rules, that breach will imminently result in serious and irreparable harm to the plaintiff, and the plaintiff has exhausted all internal remedies." *Harding v. US Figure Skating Ass'n*, 851 F. Supp. 1476, 1479 (D. Or. 1994).

But, Abdallah does not allege that either USAT or USOC breached its own rules. Rather, Abdallah's concern is that internal dispute resolution will fail because her complaints are based on "field of play decisions." Specifically, USAT's "Field of Play Decisions" rule mandates that "the final decision of a referee during a competition regarding a field of play decision (a matter set forth in the rules of the competition to be within the discretion of the referee) shall not be reviewable through, or the subject of, [internal] complaint procedures unless the decision is: (i) outside the authority of the referee to make, or (ii) the product of fraud, corruption, partiality, or other misconduct of the referee." Hence, Abdallah's complaint is based on her assumption that the USOC will refuse to review the referee's actions pursuant to the "Field of Play Decisions" rule. Therefore, this court is without subject matter jurisdiction over this matter because it is one over which the USOC has exclusive jurisdiction. Defendant's motion to dismissed is GRANTED, and the case is DISMISSED without prejudice.

Signed at Houston, Texas on September 14, 2007.

_____
Gray H. Miller
United States District Judge

4